## CONGER *v.* KINNEY.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

ADVERSE POSSESSION—CHARACTER OF OCCUPANCY.

   Proof in ejectment of the use of land conveyed by a defective deed, as a burial plot, for over 25 years, and of an interment in a grave on the disputed portion thereof, the placing of a head-stone thereon, and the planting of trees and shrubbery from 12 to 15 years prior to the action, is sufficient proof of adverse possession to sustain the finding of a jury that title was thereby acquired by defendant.

Appeal from circuit court, Rockland county.

Action by Clarence R. Conger against Samuel D. Kinney to recover a strip of land which defendant held as part of a burial plot, claiming as heir at law of his father, to whom the plot had been conveyed in 1858 by a deed defectively executed by some of the grantors. Defendant had interred his half brother in a grave partly in the disputed strip, in 1865, and had erected head and foot stones on the grave 13 to 14 years prior to the action, which was brought in 1890, and had planted trees and shrubbery around the other sides of the lot more than 12 years before the action. Plaintiff appeals from a judgment for defendant and an order denying a motion for a new trial. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Irving Brown,* for appellant.    *George W. Weiant,* for respondent.

DYKMAN, J. This is an action of ejectment for the recovery of a narrow strip of land used as part of a burial plot in a cemetery in Haverstraw, Rockland county. The land for the entire cemetery was set apart for burial purposes as far back as 1854, and the owners executed a written power of attorney to Isaiah Milburn and John S. Gurnee, empowering them to make sales and conveyances of the same. They made a conveyance to James Kinney, the father of the defendant, of plot number 134, in the cemetery, containing 210 square feet, for $21. The defendant is the only child of the grantee, James Kinney, and claims the plot of land so purchased as the sole heir of his father. His claim is that the plot was 21 feet long by 10 feet wide. Possession was taken of the plot, and the mother of the defendant was buried there in December, 1863; and in 1865 George Allison, a half brother of the defendant, was buried there; and the claim is that his grave is partly upon the land of the plaintiff, who claims that the lot of the defendant was 20 feet by 10, and not 21 feet by 10. The plaintiff acquired title to the unsold portions of the cemetery land by a conveyance in pursuance of a sale under a judgment in an action in partition, which is dated January 19, 1882, but the defendant was not a party to the action. If the plot of the defendant is only 20 feet by 10, as the plaintiff contends, then the grave of George Allison encroaches upon the land of the plaintiff, but, if it is 21 feet by 10, there is no such encroachment. The defendant claimed title by adverse possession, and there was proof to justify the claim, and all the questions involved in the case were fairly submitted to the jury, and the verdict was rendered in favor of the defendant. The cause was tried upon correct legal principles, and the exceptions of the plaintiff present no error. The questions involved were questions of fact for the determination of the jury, and the verdict in favor of the defendant leaves no scope for the interference of an appellate tribunal. The judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs. All concur.