**JAMES et al. v. GAAL.**   (No. 1802.) *

(Court of Civil Appeals of Texas. El Paso. Jan. 28, 1926. Rehearing Denied Feb. 18, 1926.)

I. Executors and administrators ⬡⟹375—Conveyance by administrator prior to entry of decree of confirmation on court's minutes, vests no title in purchaser (Laws 1876, c. 84, § 85).

Laws 1876, c. 84, § 85, requiring court to enter upon minutes decree confirming sale by administrator, makes entry of decree on minutes necessary to valid confirmation of administrator's sale, and hence conveyance by administrator prior to entry on minutes of decree of confirmation vests no title in purchaser.

2. Evidence ⬡⟹383(7).

No presumption arises from recitals in ancient instrument, where other means of proving truth or falsity of recitals exist.

⬡⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 14, 1926.

**3. Evidence ☞162(1)—Court was not required to accept secondary evidence as to what records of probate court contained, where they were intact and had not been loosely kept or destroyed.**

Court was not required to accept secondary evidence as to what records of probate court contained on question whether administrator's sale had been confirmed, where such records were intact and had not been loosely kept or destroyed.

**4. Executors and administrators ☞375.**

No title vested in purchaser at sale by administrator, if there was no confirmation by court.

**5. Evidence ☞158(10).**

Laws 1876, c. 84, § 85, providing that court shall enter on minutes decree of confirmation of sale by administrator, indicates that minutes are best evidence of whether sale has in reality been confirmed.

**6. Executors and administrators ☞375—Administrator's deed held void, where minutes did not show any action on report of sale by court.**

Administrator's deed *held* void, where minutes of court, which were intact and accessible, did not show any action on report of sale by court.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by W. M. James and others against I. G. Gaal, in which defendant filed a cross-action. From the judgment, plaintiffs appeal. Affirmed.

Nealon, Hudspeth & McGill and C. L. Galloway, all of El Paso, for appellants.

J. E. Quaid and Jos. U. Sweeney, both of El Paso, for appellee.

PELPHREY, C. J. This is a trespass to try title suit, instituted by appellants W. M. James and J. L. James against appellee, I. G. Gaal, in the district court of El Paso county, Tex., Forty-first judicial district, for the title and possession of a tract of land in El Paso county, known as survey No. 46, in block 1, according to the map and field notes of the Ysleta Grant made and compiled by Joseph Wilkins Tays in 1873.

Appellants filed their original petition in the case October 23, 1924, and on December 8, 1924, filed their amended original petition.

On December 5, 1924, appellee filed his answer and general denial, plea of not guilty, statute of limitation of 3, 5, and 10 years, and a cross-action against appellants asking recovery of the lands in controversy.

The case was tried by the court without the intervention of a jury in the November term, 1924, and the court rendered judgment that appellants take nothing by their suit, and that appellee take nothing on his cross-action. At the request of appellants, the court made and filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"(1) The property in controversy was patented by the state of Texas to the inhabitants of Ysleta. The corporation of Ysleta having legal authority so to do, on the ——— day of ——— granted the property in controversy to Emile La Fontaine. This deed or grant was lost, but the evidence was ample to sustain its existence.

"(2) By mesne conveyances the property was vested in Patrick O'Rafferty. Patrick O'Rafferty died on or about the 16th day of March, 1877. Thereafter Ward B. Blanchard was appointed by the county court of El Paso county, Tex., as administrator of his estate, and duly qualified as such. Application was duly and regularly made by the administrator to sell the property in controversy, and the court by an order entered in the minutes authorized and directed the said administrator to sell the same at public sale. Thereafter such order was amended, authorizing and directing him to sell same at private sale. The said administrator thereafter in due time filed a report stating that said property had been sold to Anna S. Andrews. The filing of this report was noted in the minutes of the court; the following being a true copy of such order or notation:

"'December 10, 1878.

"'On this day comes Ward B. Blanchard, administrator of the estate of P. S. Rafferty, deceased, and files his report of sales of real estate contained in said order to Anna S. Andrews according to previous order of court, and prays its confirmation according to statutes in such cases made and provided.'

"Thereafter, on the 3d day of February, 1879, the administrator executed a deed purporting to convey the property to Anna S. Andrews; said deed reciting the consideration for which the property was supposed to be sold, and recited that the county court had duly confirmed the same.

"On July 25, 1883, the county court of El Paso county, Tex., made the following order in reference to the estate of Patrick O'Rafferty, deceased:

"'On this day, it appearing to the court that there is quite a number of cases pending for final action, and that for a number of years have been undisposed of, it is therefore the order of the court that the following styled cases be and the same are hereby dismissed, to wit: No. 14, P. O'Rafferty.'

"Filed among the papers in the administration of the estate of Patrick O'Rafferty, deceased, was the following unsigned memorandum:

"'January Term, El Paso County Probate Court, January 29th, 1879.

"'And now at this term of the court came on to be heard the matter of the sale of certain lands made by Ward B. Blanchard, administrator of the estate of P. O'Rafferty, deceased, and, after examining said reports, and believing them to have been made to the best advantage for the interest of said estate, are hereby in all things confirmed and the administrator is hereby ordered to proceed at once to make titles to said land in accordance with the terms of said sale as reported.'

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Said paper bore the following endorsement:
" 'Filed Dec. 20, 1879, Geo. Zwitzer, Clerk C. C. El Paso Co.'

"I further find that there is nothing shown by records in said estate of Patrick O'Rafferty whereby the estate or the heirs of said O'Rafferty, deceased, exercised any dominion or acts of ownership of the land in controversy.

"The substance of all orders in the minutes relating to the estate of O'Rafferty are set forth in these findings. From Anna S. Andrews to the plaintiff Mrs. James, there is a regular chain of title, which vests any title that passed to Anna S. Andrews in the said plaintiff, Mrs. James.

"Findings of Fact as to the Cross-Action of the Defendant.

"The defendant, Gaal, prior to the institution of the suit, did not have 5 years' continuous, adverse possession of the land, with contemporaneous payment of the taxes, nor did said Gaal, nor those under whom he claims, have 10 continuous years of adverse possession of the land, using and cultivating or enjoying the same.

"Conclusions of Law.

"Under the law of 1876 relating to sales by administrators, the evidence of a confirmation thereof must be found in the minutes of the court.

"The minutes of the court in relation to the sale in question were in evidence.

"The minutes, as set forth in the findings of fact, afford no evidence of a confirmation of the sale. Unless there is a showing of destruction of the minutes of a court of record, the action of the court can only be shown by the minutes of the court.

"Unsigned memoranda of a purported order of confirmation are insufficient.

"The testimony of the witness Gillott with reference to the custom of the employees of the abstract company was incompetent.

"The administrator's purported sale, under the evidence, did not divest the title of the heirs of O'Rafferty, and this defeats plaintiff's suit; but for this full title would have vested in plaintiff."

## Opinion.

Appellants present three assignments of error as to the construction given by the court of the law of 1876, relating to sales by administrators, and contend that the court erred in holding that the evidence of the confirmation of an administrator's deed must be found in the minutes of the court, in the absence of a showing that the minutes had been destroyed, that unsigned memoranda of a purported order of confirmation are insufficient, and that the purported sale by the administrator was insufficient to divest the title of the heirs of O'Rafferty. Under the case as presented, we think this case can be decided by a proper construction of the law in force on the 3d day of February, 1879, the date of the deed from Ward B. Blanchard, administrator, to Anna S. Andrews.

Section 85, c. 84, of the Laws of 1876, has the following provision as to sales by administrators:

"When a sale of property is ordered under the provisions of this act, it shall be the duty of the executor or administrator to make such sale, or cause it to be made in obedience to the order at the earliest period; and when such sale has been made it shall be the duty of the executor or administrator to return to the court that ordered the sale an account thereof, either in term time or in vacation, within thirty days after the day of sale. Such account shall be in writing, shall specify the property sold, the name of the purchaser, the price for which it was sold, and the terms of sale, and shall be sworn to and subscribed by such executor or administrator before some officer authorized to administer oaths; whenever such account of sale is returned, such return shall be noted in the minutes of the court; and at any time after the expiration of five days from the noting of such return in the minutes of the court, it shall be the duty of the County Judge to inquire into the manner in which such sale was made, and if satisfied that it was fairly made, and in conformity with law, he shall cause to be entered on the minutes of the court a decree confirming it and ordering the account of sales to be recorded by the clerk, and a conveyance to be made to the purchaser of land by the executor or administrator; if not satisfied that such sale was so made, he shall cause to be entered in like manner a decree setting it aside and ordering a new sale to be made; provided that no sale of real estate shall be confirmed except at some regular term of the court. After any such decree or confirmation shall have been made, upon the purchaser complying with the terms of the sale, the executor, or administrator shall execute and deliver to him a conveyance of the property so sold; if lands, reciting therein the decree confirming the sale and ordering the conveyance to be made, which conveyance of land so made shall vest the right and title that the testator or intestate had in the purchaser, and shall be prima facie evidence that all the requisites of the law have been complied with in making the sale, and such decree of confirmation of the sale of personal property shall in like manner vest the right and title thereof in the purchaser, and shall be like evidence that all the requisites of the law have been complied with in making the sale of such personal property."

This statute was passed by the Legislature at a time when the law of 1870 relative to sales by administrators was in force, and expressly repealed all laws in conflict with its provisions. Under the provisions of the Laws of 1870, c. 81, § 245, the court was required to make an order confirming the sale, but nothing was said about entering same on the minutes. We take it that, if the Legislature had intended for an order of confirmation to be sufficient to vest title in the purchaser without any entry thereof on the minutes, it would have re-enacted the provision of 1870, or would have kept silent on the matter of confirmation entirely, thereby leaving the law of 1870 in force.

[1] It did neither, but went further and required the court to cause to be entered upon the minutes the decree of confirmation, and we think thereby making the entry of the

decree of confirmation on the minutes necessary to a valid confirmation of the sale, and that consequently a conveyance by the administrator prior to the entry on the minutes of the decree of confirmation vested no title in the purchaser.

The Legislature, when it enacted the law of 1876, probably had in mind the difficulties which had been and would be encountered in proving confirmation of administrators' sales under the law as it then existed, and must have passed the statute in question for the purpose of removing from such sales all uncertainty as to their regularity, thereby protecting both purchaser and the estate of the decedent. We can see no other reason for and no other effect the statute could have had.

Appellants contend that the deed from the administrator to Anna S. Andrews, being more than 30 years of age, and therefore an ancient instrument, raises the presumption that the order of sale was made; that the purchaser had complied with the terms of the sale; that the consideration was paid in accordance with the terms of the sale; that the deed itself was made, and that the administrator had the power to execute the deed; that, these facts being presumed from the recitals in the deed, appellants were entitled to recover the land on the ground that they were entitled to a confirmation, if none was ever made.

[2] In the decisions as to recitals in ancient instruments being admissible as evidence of the facts recited therein, we find that the courts are always governed by the facts of the particular case under consideration; but the decisions seem to be practically uniform on the holding that no presumption arises from recitals in an ancient instrument, where there still exists other means of proving the truth or falsity of the recitals.

As was said by our Supreme Court in the case of Tucker v. Murphy, 1 S. W. 76, 66 Tex. 355:

"Ordinarily, after the lapse of 30 years, the power of a person who assumes to have executed a deed, under power from another, or in a fiduciary capacity, will be presumed. This, however, is but a presumption of fact, which is indulged upon the idea that time had made it impracticable to make such proof of the actual existence of the power as may be made in regard to matters recently transpiring. Whether such a presumption will or may be indulged in a given case must depend on the facts presented."

If the facts preclude the idea that there still exists means, other than such as the deed itself and the acts of the parties afford, whereby to prove actual existence of the power, the power will often be presumed. If the deed is shown by itself to have been executed under a power, but under such circumstances that the primary proof of the existence of the power must be presumed to exist, the failure to produce such primary proof, or to show that it cannot be produced, would seem to require the holding that the evidence of the existence of the power, which arises from the ancient character of the instrument and the action of those interested in it, is not sufficient proof.

In the case of Terrell v. Martin, 64 Tex. 121, the court in discussing the admissibility of an administrator's deed as evidence of its recitals had this to say:

"In the absence of proof of the facts which conferred on the administrators the power to sell, the deed was not evidence of title, and should have been excluded."

[3] In the present case we find the records of the probate court intact and no suggestion that they had been loosely kept or destroyed; therefore, it is not necessary for us to accept any secondary evidence as to what they contain.

[4] If there was no confirmation by the court of the sale as reported, then no title vested in the purchaser. Neill v. Cody, 26 Tex. 286; Goldstein v. Susholtz, 105 S. W. 219, 46 Tex. Civ. App. 582; Douthit et al. v. Southern (Tex. Civ. App.) 155 S. W. 315; 24 Corpus Juris, p. 651; Cruse v. O'Gwin, 106 S. W. 757, 48 Tex. Civ. App. 48; City of El Paso v. Ft. Dearborn National Bank et al., 74 S. W. 21, 96 Tex. 496; Berryman et al. v. Biddle et al., 107 S. W. 922, 48 Tex. Civ. App. 624; Jones v. Taylor, 7 Tex. 240, 56 Am. Dec. 48.

[5] Under the law of 1876, the Legislature provided that the court should cause to be entered on the minutes the decree of confirmation, thereby giving notice that the minutes were the best evidence of whether or not a sale had in reality been confirmed.

[6] The minutes being intact and accessible, and not showing any action on the report of the sale by the court, we must conclude that the court never confirmed the sale and that the deed from the administrator to Anna S. Andrews was without legal authority and therefore void.

The judgment of the trial court is affirmed.

Affirmed.