**STANLEY v. UNITED STATES.**

District Court, N. D. Texas, Dallas Division.
January 9, 1928.

No. 3766.

1. **Courts ⬦375—United States may avail itself in action at law of a state statute of limitations.**

The United States when made defendant in an action at law may avail itself of a state statute of limitations.

2. **Limitation of actions ⬦24(1)—Action for war risk insurance brought 7 years after policy matured held barred under state statute of limitations (Act Oct. 6, 1917, § 405; World War Veterans' Act, § 19 [38 USCA § 445]; Rev. St. Tex. 1925, art. 5527).**

Action on a contract of war risk insurance, which matured in 1919, on which holder was authorized to maintain suit "in the event of disagreement" under Act Oct. 6, 1917, § 405, and World War Veterans' Act 1924, § 19 (38 USCA § 445), brought in 1926, *held* barred by limitation under Rev. St. Tex. 1925, art. 5527.

At Law. Action by Edward J. Stanley against the United States. On motion to abate because of bar of limitation.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Eric Eades, Regional Atty., U. S. Veterans' Bureau, of Dallas, Tex., for the motion.

W. C. Gowan, of Dallas, Tex., opposed.

ATWELL, District Judge. The plaintiff was a soldier during the World's War, and the holder of a $10,000 insurance policy issued by his government. In his petition he alleges that he was discharged on March 31, 1919, and at that time was totally and permanently disabled; that he paid no premiums after that date. On March 17, 1926, he alleges that he made a demand for the payment of his insurance, which demand was denied by the Veterans' Bureau, in the form demanded by the law, and in March, 1927, he brought this suit.

The defendants claim that the action is barred by the four years' statute of the state of Texas.

The plaintiff maintains that the state statute is not available to the United States; that, if it is available, then that the statute begins to run on the date that the director of insurance denied his claim.

Under the law of Texas an action for a debt, which is evidenced by a contract in writing, must be commenced and prosecuted within four years after the cause shall have accrued, and not afterward. Article 5527, R. S. Tex. 1925.

A statute of the United States provides: "The laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." 28 USCA § 725 (U. S. Comp. St. § 1538).

[1] The United States, when made defendant, may avail themselves of a state statute fixing a limitation. Stanley v. Schwalby, 147 U. S. 508, 13 S. Ct. 418, 37 L. Ed. 259, 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960; Dollar Savings Bank v. U. S., 20 U. S. 80, 19 Wall. 227, 22 L. Ed. 80; Michigan Insurance Bank v. Eldred, 130 U. S. 693, 9 S. Ct. 690, 32 L. Ed. 1080; City of El Paso v. Ft. Dearborn Nat. Bank, 96 Tex. 496, 74 S. W. 21; Button v. A., T. & S. F. R. Co. (C. C. A.) 1 F.(2d) 710; Davis v. Parrington (C. C. A.) 281 F. 17; Miller v. Hammer (C. C. A.) 269 F. 894; Bonam v. Southern M. Corporation (D. C.) 284 F. 362; Jones-Burget v. Borough of Dormont (C. C. A.) 14 F.(2d) 954; Wells Fargo Bank v. Barnette (C. C. A.) 298 F. 689; Wight v. Police Jury (C. C. A.) 264 F. 718; Farmers' Loan & Trust Co. v. Wilcox County (D. C.) 298 F. 772; Angell on Limitations, par. 24.

[2] At the time of the accruing of the plaintiff's action he had authority to sue, after and when he had not been able to agree with the Director General. Section 19, World War Veterans' Act, 1924; section 405, Act October 6, 1917. This section is as follows:

"In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder, an action on the claim may be brought against the United States either in the Supreme Court of the District of Col-

umbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies." 38 USCA § 445.

Clearly, therefore, as a citizen of Texas, he was compelled to bring his suit within four years of the time it ripened. He waited seven years. He did not present his claim to the representative of the United States, for such matters, until six years had passed.

2. Is there any virtue in the plaintiff's contention that the statute did not begin to run until his appeal had been refused by the proper representative of the government?

He could not have sued the United States without congressional permission. This permission was given provided he and the director of insurance could not agree. It was necessary, therefore, for him to first present his matter to the director. The time of such presentment was entirely within his own hands. The general rule is that, until a party has the right to resort to his legal remedy, the statute will not begin to run. Conversely, the statute begins to run when the party may legally begin his action. 37 C. J. par. 323, p. 953.

"Where there is no present right to pursue a particular remedy against a party, but such right arises only upon the doing of an act by him which puts him in default, the statute runs only from the default. * * * Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act." 37 C. J. §§ 323, 324, p. 953.

In the 1925 volume of the Revised Statutes of Texas there is a helpful provision:

"No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof." Article 1573.

Under this statute the Texas courts have universally held that the statute begins to run before the presentment of the claim to the commissioners' court. McDonel v. Callahan County, 3 Tex. Civ. Rep. 138, 22 S. W. 981; Noel Young Bond & Stock Co. v. Mitchell Co., 21 Tex. Civ. Rep. 638, 54 S. W. 284; Smith v. Wise County (Tex. Civ. App.) 187 S. W. 706; Butler v. Fechner (Tex. Civ. App.) 200 S. W. 1126.

It will be noticed, however, that the Texas statute has the phrase "neglected or refused." There are no similar words in the United States insurance act under study.

Therefore, if the plaintiff, in this connection, could show that he had submitted his claim to the government, where it had remained during a stretch of time without action, the court would save him from the penalty of limitation. On the other hand, the rule that I am making and recognizing here compels the citizen to assert his right before the lawful official within and before four years shall have run. The plaintiff having stated that his policy matured in 1919, must not wait until 1926 to assert thereon. Having done so, he comes into court too late.

The plea of limitation is sustained without prejudice to the plaintiff's right to amend, if he finds he can do so, to come within this holding.