### WILSON v. HAMMAN et al.

No. 8819.

Court of Civil Appeals of Texas.
San Antonio.

April 27, 1932.

Rehearing Denied May 25, 1932.

J. F. Carl, of Edinburg, for plaintiff in error.

Strickland, Ewers & Wilkins, of Mission, and Davenport, West & Ransome, of Brownsville, for defendants in error.

FLY, C. J.

This is an action in trespass to try title to eight lots of land, containing about 80 acres, out of the Weslaco survey, in Hidalgo county, filed by plaintiff in error, who will be designated as plaintiff herein, against defendants in error, who are identified herein as defendants. The latter pleaded not guilty and limitations of three, five, and ten years. No jury was demanded, and the court rendered judgment in favor of defendants.

Plaintiff claimed through a deed executed to him, as John Wilson, in October, 1913. He at no time had actual possession of the land. In 1920 judgments were obtained against John Wilson and also J. W. Wilson for taxes due and unpaid on the land, which was sold in 1920 for said taxes, and was purchased by defendants. A representative of defendants immediately took possession of the land, and it was held by them continuously up to the time this suit was filed, on October 9, 1929. Payments of taxes were not made continuously after defendants went into possession.

The tax deed was executed under a judgment against J. W. Wilson, while the deed to Wilson was made to John Wilson. It is agreed by the parties that J. W. Wilson and John Wilson are one and the same man, and it is not claimed that plaintiff did not have the initials "J. W." On one of the lots the taxes were assessed against John Wilson and on the others against J. W. Wilson. There are decisions rendered by the Supreme Court of Missouri, in which it was held that judgments by initials are invalid, but no such case is cited by a Texas court. On the other hand, the only case on the subject in Texas, is that of Milburn v. Smith, 11 Tex. Civ. App. 678, 33 S. W. 910, which seems to be against the Missouri theory. We do not believe the judgment was void, but, if it had been, the deed made thereunder would form a basis for a plea of five years' limitation, unless the deed on its face appeared to be void. City of El Paso v. Ft. Dearborn Nat. Bank, 96 Tex. 496, 74 S. W. 21. The deed on its face was a valid instrument.

All the facts in this case show that plaintiff was J. W. Wilson, and the same as John Wilson. Two judgments were rendered, one against J. W. Wilson and the other against John Wilson, and one of the lots was sold as the property of John Wilson.

The plaintiff has failed to produce a statement of facts which invalidates the judgment, and we hold that the judgment was a valid one and the sale thereunder conveyed the title to defendants.

The judgment is affirmed.