## GOOLSBY et al. v. BUSH.
### No. 4302.

Court of Civil Appeals of Texas. El Paso.
April 22, 1943.

Garland Casebier, of Fort Stockton, Jones & Jones, of Mineola, and R. B. Wherry, of Quitman, for appellants.

Klapproth & Hamilton, of Midland, for appellee.

PRICE, Justice.

This is an appeal from the judgment of the District Court of Andrews County in an action of trespass to try title, the judgment being in favor of the plaintiff. The trial was before the court without a jury.

On motion of defendants (appellants here), the court filed findings of fact and conclusions of law. The findings of fact are not attacked by appellants. From these findings the nature and character of the action appear with clarity and brevity.

We here reproduce the findings of fact and conclusions of law filed by the trial court:

"Findings of Fact

"The facts in this case are uncontradicted. Both plaintiff and defendants are claiming the title to the following described land: Section Three (3), Block A–47 Public School Land, Andrews County, Texas, under D. A. Goolsby

"D. A. Goolsby died February 22, 1923, leaving a will wherein Fay Goolsby, Herbert Goolsby and Mrs. Lena Winsett are the devisees to share equally in the property of D. A. Goolsby. The above described land was owned by D. A. Goolsby at the time of his death, subject to a certain deed of trust. J. H. Goolsby, one of the devisees, made application with will annexed to the Probate Court of Hunt County, Texas to probate the will and to be appointed executor of the will. Citation was issued and published in a newspaper in Hunt County, Texas, once each week for thirty (30) days prior to the return date, being the first Monday in May, 1923. The Probate Court of Hunt County, Texas, by its order admitted the will to probate and appointed J. H. Goolsby as executor of the Estate of D. A. Goolsby, deceased. The Probate Court of Hunt County, Texas, in its order admitting the will to probate, found and recited that citation had been issued and service had, as required by law.

"On the 28th day of May, 1923, J. H. Goolsby filed an instrument designated as 'a waiver to be appointed executor of said estate,' stating he was unable to qualify and serve in that capacity and requested the Court to appoint J. W. Bowman administrator of the Estate of D. A. Goolsby, deceased, in his place. Whereupon, the Probate Court, on the 29th day of May, 1923, entered an order without further notice, appointing J. W. Bowman as executor under the will of D. A. Goolsby. J. W. Bowman, as executor of said estate, sold Section 3, Block A–47, Public School Land, Andrews County, Texas, under orders of the Probate Court of Hunt County, Texas. The said J. W. Bowman, executor, made application to sell the land for cash or credit to pay debts of the Estate of D. A. Gools-

by, but sold the land to satisfy a deed of trust lien, and which deed of trust lien indebtedness had been prior thereto approved by the Probate Court of Hunt County, Texas. I find that proper notice had been given, as required by law, for the sale of said land, and I further find that the Probate Court entered its order confirming said sale. Said sale was made to S. B. Brooks in satisfaction of his indebtedness, and which debt was secured by the deed of trust lien aforementioned. In obedience to the order of the Probate Court, deed was duly executed by J. W. Bowman, executor, conveying said section to S. B. Brooks. By mesne conveyances, title has been conveyed from S. B. Brooks to plaintiff, W. H. Bush.

"I further find that the defendants, Fay Goolsby, C. P. McKnight, Frank C. Biggs, Alice Pemberton, Leona Sherrill, Mildred Butler and her husband, W. J. Butler, Laura Delaney and her husband, Lloyd Delaney, Robert L. Pemberton and J. H. Goolsby are all of the devisees and heirs of the devisees and assignees of the devisees under the will of D. A. Goolsby.

"I further find that S. B. Brooks and those claiming under him, including the plaintiff, W. H. Bush, have paid all of the taxes due on said land and all of State interest due the State of Texas since 1924 and that there is no delinquent interest and that there are no delinquent taxes due the State of Texas against said land.

"I further find that the land involved was described in the Inventory and Appraisement only as 'Equity in a Section of Land in Andrews County, Texas'; that in the order made by the Probate Court of Hunt County approving the claim of S. B. Brooks, and in the order by said Court to sell said land, the notice of approval of sale and in the judgment of said court approving and confirming said sale, said section of land is described as 'Section 3–A47,' in Andrews County, Texas, the word 'block' being omitted.

### "Conclusions of Law

"I conclude as a matter of law, that this suit is a collateral attack upon the probate proceedings and judgment of the Probate Court of Hunt County, Texas. The Probate Court of Hunt County, Texas had jurisdiction to administer the Estate of D. A. Goolsby, deceased. The order of the Probate Court of Hunt County, Texas appointing J. W. Bowman executor of the Estate of D. A. Goolsby, deceased, was

valid, and the said J. W. Bowman could be appointed without further notice. The sale by J. W. Bowman, under order of the Probate Court of Hunt County, Texas, of the land above described to S. B. Brooks, was valid. The proceedings in the Probate Court of Hunt County, Texas sufficiently describe Section 3, Block A–47, Public School Land, Andrews County, Texas to identify said section as owned by D. A. Goolsby at the time of his death. Defendants can not attack collaterally the orders and proceedings of the Probate Court of Hunt County, Texas in this suit. Therefore, title to the land in question is good in W. H. Bush as against the claim of the defendants."

To these findings we add one additional fact which is undisputed and is deemed relevant; that is, the appointment of Bowman as administrator with will annexed occurred during the same term at which Goolsby had been theretofore so appointed.

Summarized, the points relied upon for reversal are as follows:

(1) Because the County Court did not have jurisdiction over the estate of D. A. Goolsby, deceased, and did not have jurisdiction to appoint J. W. Bowman administrator.

(2) Because the sale by the administrator was not in accordance with the order authorizing it.

(3) That the land purported to be conveyed by the administrator's deed was not sufficiently described in the probate proceedings to identify the land as being Section 3, Block A–47, Public School Land, Andrews County, Texas, the land involved here.

■■ It is conceded by appellants the attack made on the proceedings in the County Court of Hunt County is collateral. From this concession the burden is assumed of showing such proceedings are void, rather than voidable. Further, appellants are restricted to the record of that court for proof thereof. In the absence of affirmative showing by the record of lack of power to act in the premises, power to act and proper action is conclusively presumed in an attack such as we have here. Poor v. Boyce, 12 Tex. 440; Murchison v. White, 54 Tex. 78; Crawford v. McDonald, 88 Tex. 626; Dallas Joint Stock Land Bank v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046.

■ By Article 5 of Sec. 16 of our Constitution, Vernon's Ann.St. the county court

is given general jurisdiction as to probate matters. Its judgments and decrees evidencing its exercise of the jurisdiction conferred are entitled to the same presumption as to verity as that of the district court.

█ The application for the probate of the will made by J. H. Goolsby, one of the beneficiaries under the will, and for the appointment of an administrator, was sufficient to invoke the jurisdiction of the County Court of Hunt County. 13 Tex. Jur. p. 603, and authorities there cited.

█ The judgment rendered probating the will and appointing Goolsby administrator evidenced the exercise of active jurisdiction. The judgment recites that "citation has been duly made as required by law." This recital, in our opinion, is conclusive, unless it is shown by the record that same could not possibly be true. Murchison v. White, 54 Tex. 78.

It was shown that the notice described in the trial court's findings was issued and that same was published in a newspaper. Art. 3257, Vernon's Sayles' Statutes, 1914, Vernon's Ann.Civ.St. art. 3334, governed the service of citation on this application. This, in substance, required the posting of the notice rather than its publication. But it does not conclusively appear that this was the only notice issued and served. In the absence of such showing it is our opinion that the recital concludes the matter.

It is contended that the record conclusively shows that citation did not issue on the appointment of Bowman as administrator in place of Goolsby. This is true. The order of May 28, 1923, revoked the order of May 8, 1923, appointing Goolsby, and appointed Bowman. This order was made on May 28th on suggestion of Goolsby that he did not intend to qualify as administrator. If, in order to have the power to make a new appointment, notice was required, notice was never served as required by law. It was impossible. The order revoking the appointment of Goolsby and appointing Bowman was made on the same day and in pursuance of the suggestion filed by Goolsby that he did not intend to qualify under his prior appointment.

█ Goolsby's application did not limit the power of the court to appoint someone else as administrator. There being a necessity for an administrator, the court, even though Goolsby had applied, might appoint any qualified person. Lancaster &

Wallace v. Sexton, Tex.Civ.App., 245 S.W. 958, writ refused.

It is likewise to be borne in mind that the exact situation here does not exist to which Art. 3363, R.S.1925, applies. Letters of administration had never issued to Goolsby. Their issuance was conditioned on his filing the bond and taking the oath. He never became administrator—in fact, he declined to become administrator. There was a necessity for the appointment of an administrator. In our opinion the court had the power to supply this necessity by the appointment of an administrator.

█ But the court did appoint Goolsby. In this connection, however, the fact must not be overlooked that this appointment was revoked during the continuance of the same term at which it was made, and the new appointment was made at such term. During the continuance of the term of court at which judgment is announced, a county court, in the exercise of its probate jurisdiction, has the power, on its own motion, to set such judgment aside, to change or alter same. 25 Tex.Jur. p. 520, Sec. 127, and p. 545, Sec. 150.

In view of this principle, we can see no essential difference between the appointment of Bowman, as an original matter, and his appointment later in the term. Under the presumed service of citation all interested parties had legal notice that the question of the appointment of administrator of the estate of D. A. Goolsby, deceased, was to be taken up at the May Term. To such parties, we think, must be imputed the notice that a judgment pronounced might be altered at any time during the term at which it was rendered.

In regard to the point urged that Bowman, as administrator, did not conform to the authority given him by the order authorizing him to sell on July 25, 1924, Bowman, as administrator, made application for the sale based on a claim of $450 of one S. B. Brooks, with interest and attorney's fees, same being secured by a mortgage lien on the property in controversy, the application reciting the allowance of the claim and mortgage by the administrator and the Probate Court. It is not contended that proper notice was not served on this application. On the 13th day of September, 1924, Bowman was authorized by an order of the Probate Court to sell the land at public or private sale for cash, or

for part cash and part credit, and to make a report of the sale within thirty days after sale. On the 27th day of October, 1924, Bowman made report of sale showing that the land was not worth more than the encumbrance thereon in favor of the State of Texas and the amount of the lien in favor of Brooks; that Brooks had agreed to accept a deed to said property and release all right, lien and claim against the estate by reason of his note, and that he had agreed to sell the property for that amount. At sometime during the November Term of Court, 1924, the court made an order confirming the sale as made by the administrator, and ordered him to execute conveyance in accordance with the sale. The order of confirmation recites that the Brooks' claim amounted to $618.75, and was the only claim filed. On the 15th day of November, Bowman, as administrator with will annexed, executed and delivered to S. B. Brooks a deed purporting to convey the property in controversy to him.

■ In 14 Tex.Jur., p. 246, this proposition is laid down: "Confirmation of a sale cures defects, mistakes, errors and irregularities in the proceedings where the court had jurisdiction, and where the sale is not subject to collateral attack."

See also McCampbell v. Durst, 73 Tex. 410, 11 S.W. 380.

■ Here, it was shown beyond any question that the property involved was subject to the lien of Brooks. The proceedings show that it was sold to satisfy that claim. Unless void or inequitable, the sale should be upheld. There is no evidence going to show that at the time of the sale the property was worth more than the claim of Brooks. It would be inequitable to set same aside under these circumstances. In fact, under the pleadings here, there is no power to set same aside.

Appellants' fourth point is that the description of the land in the proceedings preceding the execution of the administrator's deed was insufficient. Hence the administrator's deed, although correctly describing the land, did not convey title thereto. The land is described in plaintiff's petition as "Section Three (3), Block A-Forty-seven (A-47), Public School Land," situated in Andrews County, Texas. In the inventory filed by Bowman it is described as "Equity in Section of land in Andrews County, Texas." The application to sell described the land as "Section 3-A 47,

Public School Land in Andrews County, Texas." The notice on the application described the land in the same manner. The order to sell the land describes same as "Section 3A-47, Public School Land in Andrews County, Texas." The report of sale describes the land as "Section 3-A 47, Public School land in Andrews County, Texas"; and the order confirming the sale described the land as "Section 3-A 47, Public School land situated in the County of Andrews, State of Texas."

■ It was shown that D. A. Goolsby owned Section 3, Block A-47, Public School Land, in Andrews County, Texas; that he mortgaged same by that description to S. B. Brooks. It is our opinion that the evidence is sufficient to show that all the probate proceedings were had in reference to the land in controversy. Such was the finding of the trial court. That the mistakes are mere clerical omissions. By reference to the map of Public School Lands in Andrews County, the land in controversy could be readily located.

■ In the description of Public School Land the pertinent part of the description is the section and block numbers and the county of location. The map of Andrews County showed that there was a Block A-47; that there was no Section 3-A. The descriptions are sufficient to permit the application of same by parol evidence. City of El Paso v. Ft. Dearborn Nat. Bank, 96 Tex. 496, 74 S.W. 21, 22; Frost v. Crockett, Tex.Civ.App., 109 S.W. 2d 529.

Even though our conclusions advanced in the discussion of Point One be incorrect, it is our opinion that this sale should be upheld. The County Court at all times recognized Bowman as administrator.

■ A purchaser at an administrator's sale is not bound to investigate as to the regularity of the appointment of the administrator. Here the court had jurisdiction over the estate and was exercising same. It had approved the application to sell and had confirmed the sale made under this order granting it. Dancy v. Stricklinge, 15 Tex. 557, 65 Am.Dec. 179; Rindge v. Oliphint, 62 Tex. 682; Frost v. Crockett, Tex.Civ.App., 109 S.W.2d 529, writ dismissed.

However, it is our deliberate and considered opinion that the appealing defendants have failed to show that the judgment appointing Bowman administrator was

void. Goolsby declining to act, the court had the power and duty to appoint Bowman as administrator during the continuance of the same term at which Goolsby was appointed.

It is ordered that the judgment of the trial court be in all things affirmed.

WALTHALL, J., not participating.